## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **JAMES P. STORY, et al.,** | **REPORT AND RECOMMENDATION** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:25-cv-00329-DBB-JCB** |
| **ANGELA PAVAO, et al.,** | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

### INTRODUCTION[1]

Pro se Plaintiffs James P. and Sharlynn Story (collectively, "Plaintiffs") sued more than 30 individuals and entities who apparently bear some relation to Plaintiffs' foreclosed $792,000 mortgage.[2] To the best the court can discern, Plaintiffs are challenging that foreclosure. Plaintiffs assert claims arising under a half-dozen federal statutes, the U.S. Constitution, and multiple common-law theories sounding in state law.[3] The court has reviewed the multiple motions to dismiss pending in this action,[4] the motion to amend the complaint,[5] and the motion for preliminary injunction.[6] For the reasons stated below, the court recommends Plaintiffs' federal

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 13.

[2] ECF No. 1.

[3] *Id.* at 1, 24, 27, 59, 61, 63.

[4] ECF Nos. 3, 7, 20, 34.

[5] ECF No. 41.

[6] ECF No. 23.

claims be dismissed without prejudice for lack of subject-matter jurisdiction; Plaintiffs' state-law claims be dismissed without prejudice because the court should decline to exercise supplemental jurisdiction over those claims; Defendants' motions to dismiss[7] be found as moot; Plaintiffs' claims against the Remaining Defendants be dismissed without prejudice for failure to prosecute under Rule 41(b) and the court's inherent authority; Plaintiffs' motion to amend the complaint be denied based on futility of amendment; and Plaintiffs' motion for temporary restraining order and preliminary injunction be found as moot.

Alternatively, should the court find that it has subject-matter jurisdiction, the undersigned recommends Defendants' motions to dismiss be granted; Plaintiffs' federal claims against Defendants who filed motions to dismiss pursuant to Rule 12(b)(6) be dismissed with prejudice for failure to state a claim; Plaintiffs' claims sounding in state law be dismissed without prejudice because the court should decline to exercise supplemental jurisdiction over those claims; Plaintiffs' claims against the Remaining Defendants be dismissed without prejudice for failure to prosecute under Rule 41(b) and the court's inherent authority; Plaintiffs' motion to amend the complaint be denied based on futility of amendment; and Plaintiffs' motion for temporary

---

[7] There are four pending motions to dismiss. Defendants Angie Fay Chapman; Baron Silverstein; Spencer Mosness; Mary Monta-Adrove; NewRez LLC dba Shellpoint Mortgage Servicing, formerly known as New Penn Financial; Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust 1; and Mortgage Electronic Registration Systems, Inc. (collectively, "Loan Defendants") filed a motion to dismiss at ECF No. 3. Defendants Daniel S. Sam and Sam, Reynolds & Van Oostendorp, P.C. (collectively, "Sam Defendants") filed a motion to dismiss at ECF No. 7. Defendants Selene Finance LP and Selene Holdings (collectively, "Selene Defendants") filed a motion to dismiss at ECF No. 20. And Defendant First American Mortgage Solutions ("First American") filed a motion to dismiss at ECF No. 34. The Defendants who have not submitted motions to dismiss are hereafter referred to as the Remaining Defendants.

restraining order and preliminary injunction be denied for failure to establish a likelihood of success on the merits of their claims.

## BACKGROUND

Plaintiffs' 93-page complaint appears to center around a $792,000 promissory note that Plaintiffs claim is defective.[8] The complaint demands $9.63 million,[9] is riddled with nonsensical legal jargon,[10] and imputes an astounding and irrational level of legal significance—in characteristic "sovereign citizen" fashion—to the capitalization of certain letters.[11] Plaintiffs' main allegations stem from a claim that the "original contract in this case was altered" and that the "promissory note is a forgery,"[12] but Plaintiffs offer little factual support for these claims or even clear allegations about the exact defect in the promissory note. Plaintiffs' theory of the case seems to be that the there is a difference between themselves as people and their names as signed to a legal document, and that their signatures being affixed to the promissory note does not impute the note's requirements to them as people.[13] Plaintiffs also may be alleging that they

---

[8] ECF No. 1 at 15 ("The promissory note—with my name on it—obligates me to pay $792,000.00 plus interest.").

[9] *Id.* at 70.

[10] *See, e.g., id.* at 9 ("THERETOFORE you are in agreement that you are in violation of every, Code, Statute, Law, Act, Constitution, Rule and Duty and every other demand as set forth herein and that admission shall constitute trespass and willful and wanton intentional infliction of injury and distress upon plaintiff/beneficiary JAMES PAUL STORY (trust JPS) and/or SHARLYNN STORY (trust SS), and Enterprise Members contractually agree herein to all claims, conditions and a consensual lien and UCC 1 Filing in favor of plaintiff for resulting damages.")

[11] *Id.* at 54, 77-78.

[12] *Id.* at 15.

[13] *See, e.g., id.* at 54 ("Your documentation designates the contractee as JAMES PAUL STORY and SHARLYNN STORY and that name is connected to the SSN/TIN issued by the Social Security Administration as a Trust and although it sounds similar, is not the same as the

never signed the documents in question,[14] but this allegation lacks factual support. Plaintiffs additionally appear to challenge the transfers of their mortgage as invalid because of the manner in which the signatures and dates are affixed to the documents.[15] The complaint includes a section called "You Have Been Served"[16] and a certificate of service indicating Plaintiffs mailed copies of the complaint to the named defendants.[17] Plaintiffs to date have not requested a summons from the court for any of the named defendants.

Plaintiffs invoke this court's jurisdiction pursuant to 28 U.S.C. § 1331 and allege due process violations cognizable under 42 U.S.C. § 1983;[18] a conspiracy to violate civil rights in violation of 42 U.S.C. § 1985;[19] mail and wire fraud under 18 U.S.C. §§ 1341 and 1343; interference with commerce that violates the Hobbs Act, 18 U.S.C. § 1951;[20] a pattern of racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968;[21] unlawful seizure, conspiracy, and violations of constitutional and

---

Trustor/Settlor of the Trust JPS by the name of James-Paul: Story, a man and/or Trustor/Settlor of the Trust SS by the name of Sharlynn Story, a woman.").

[14] *Id.* at 15 ("There is no bona fide signature on the alleged promissory note. . . . The promissory note is a forgery.").

[15] *Id.* at 7 ("Any or all documents tendered to The Undersigned lacking bona-fide ink signatures and/or dates per Title 18 U.S.C.A § 513-6514 are counterfeit security instruments causing you to be liable in your corporate and personal capacity by violating any of the rights, constitutions, privileges, immunities or any terms herein.").

[16] *Id.* at 3.

[17] *Id.* at 73-76.

[18] *Id.* at 3.

[19] *Id.* at 31.

[20] *Id.* at 62.

[21] *Id.* at 61-62.

statutory rights under the Tucker Act, 28 U.S.C. § 1491;[22] and an unlawful conspiracy in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1-7.[23] Plaintiffs seek sworn evidence from members of the "Enterprise" that certain events occurred[24] or that certain defendants have particular licenses.[25] Plaintiffs additionally seek damages and injunctive relief.[26]

In response to Plaintiffs' complaint, the Loan Defendants moved to dismiss,[27] followed by the Sam Defendants, the Selene Defendants, and First American.[28] These motions share or incorporate many of the same arguments, namely that the complaint fails to state cognizable claims or meet the pleading standards required by Fed. R. Civ. P. 8 and 9, that Plaintiffs failed to effectuate service of process,[29] and that Plaintiffs' "sovereign citizen" claims fail as a matter of law.[30]

After Fed. R. Civ. P. 4(m)'s 90-day deadline for service of a summons and the complaint on all named defendants had expired, and Plaintiffs had not filed any proofs of service under

---

[22] *Id.* at 58-59.

[23] *Id.* at 60.

[24] *See, e.g., id.* at 57 ("You are DEMANDED to Show cause through production of sworn evidence and explain why neither JAMES PAUL STORY nor SHARLYNN STORY was paid the obtained amounts created by their signatures with regard to their federal trust accounts.")

[25] *See generally id.* at 33-58. *See, e.g., id.* at 43 ("You are DEMANDED to answer as to why NEW PENN FINANCIAL LLC has license and authority to effectuate regarding real property, and or legal instruments affecting the ownership therein within the sTATE OF UTAH.")

[26] *Id.* at 71.

[27] ECF No. 3.

[28] ECF Nos. 7, 20, 34.

[29] Defendants Selene Finance LP and Selene Holdings in their motion to dismiss do not incorporate or state service-based objections. *See generally* ECF No. 20.

[30] *See generally* ECF Nos. 3, 7, 20, 34.

Fed. R. Civ. P. 4(*l*), the court ordered Plaintiffs to show cause as to why this case should not be dismissed given their failure to prosecute their claims.[31] Instead of attempting to show cause, Plaintiffs responded with a document similar to the complaint.[32]

As demonstrated below, Plaintiffs—like so many other sovereign citizens—must face the unfortunate consequences that come with betting the house on the non-sensical, capital-letter-based, magical-incantation theories of jurisprudence that have no effect in the real world. The court first (I) recounts relevant legal standards, then turns to (II) its own jurisdiction to hear the claims in this case, followed by (III) Plaintiffs' failure to state a claim for relief, (IV) Plaintiffs' motion to amend the complaint, (V) Plaintiffs' failure to prosecute their claims, and, finally, (VI) Plaintiffs' motion for temporary restraining order. For the reasons stated below, the court should dismiss this action without leave to amend and deny Plaintiffs' motion for injunctive relief.

## ANALYSIS

### I. Legal standards

#### A. Subject-Matter Jurisdiction

Subject-matter jurisdiction is a court's power to hear the claims brought before it. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[33] The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction."[34] A court should "presume no jurisdiction exists absent a showing

---

[31] ECF No. 9.

[32] ECF No. 11.

[33] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[34] *Id*.

of proof by the party asserting federal jurisdiction."[35] Federal-question jurisdiction exists "only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[36]

To invoke a federal court's jurisdiction, a plaintiff "must allege in a pleading the facts essential to

show jurisdiction, and must support those facts by competent proof."[37] A court may exercise

federal question jurisdiction if "the right of the petitioners to recover under their complaint will

be sustained if the Constitution and laws of the United States are given one construction and will

be defeated if they are given another."[38] "Dismissal for lack of subject-matter jurisdiction

because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit

as not to involve a federal controversy.'"[39]

    B. Fed. R. Civ. P. 12(b)(6), 8, and 9(b)

    When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept as

true the well[-]pleaded factual allegations [in the complaint] and then determine if the plaintiff

has provided 'enough facts to state a claim to relief that is plausible on its face.'"[40] "'A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[35] *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).

[36] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[37] *Id.* (citation modified).

[38] *Bell v. Hood*, 327 U.S. 678, 685 (1946).

[39] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

[40] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570).

reasonable inference that the defendant is liable for the misconduct alleged.'"[41] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[42]

Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[43] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct."[44] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[45] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[46] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[47] To comply with Rule 8, "a complaint must explain what each

---

[41] *Moses-El v. City & Cnty. of Denver*, No. 20-1102, 2022 WL 1741944, at *7 (10th Cir. May 31, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[42] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[43] *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[44] Fed. R. Civ. P. 8(d)(1).

[45] *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[46] *Twombly*, 550 U.S. at 555.

[47] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *see also United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).

defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."[48]

The court is mindful that Plaintiffs are proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[49] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[50] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[51] "It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case."[52]

Parties alleging fraud face the heightened pleading standard of Fed. R. Civ. P. 9, which "layers over" the pleading requirements set out in Rule 8.[53] Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." This heightened pleading standard "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[54]

---

[48] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stevens-Henager Coll.*, 305 F. Supp. 3d at 1307.

[49] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (same).

[50] *Hall*, 935 F.2d at 1110.

[51] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[52] *Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 730 (10th Cir. 2006).

[53] *Gaddy v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202, 1210 (10th Cir. 2025).

[54] *Id.* (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016)).

C.  <u>Service of Process Pursuant to Rule 4 and Failure to Prosecute</u>

Fed. R. Civ. P. 4(b) states that a "summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'"[55] Rule 4(c) provides that a "summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." "Service of process notifies a defendant of the commencement of an action against him and 'marks the court's assertion of jurisdiction over the lawsuit.'"[56] Fed. R. Civ. P. 4(l) provides that "proof of service must be made to the court" absent a waiver of service.

Fed. R. Civ. P. 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[57] Additionally, courts have the authority, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[58] A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control

---

[55] *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1292 (10th Cir. 2020) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

[56] *Id*. (quoting *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992)).

[57] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[58] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[59]

## II.    This Court Lacks Subject-Matter Jurisdiction to Evaluate Plaintiffs' Claims Because Plaintiffs Have Failed to Adequately Plead Allegations Necessary to Support the Claims Alleged.

The court first examines its own subject-matter jurisdiction and finds it lacking. Plaintiffs invoke this court's jurisdiction pursuant to several statutes, including 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[60] Section 1331 does not, on its own, create federal-question subject-matter jurisdiction; it must be paired with a well-pleaded allegation of a violation of a federal statute or the rights protected by the U.S. Constitution.[61] Because, a well-pleaded allegation of a federal question to be resolved by a federal court is absent from Plaintiffs' complaint, the court should find that § 1331 does not provide jurisdiction for this action.[62]

Plaintiffs also allege claims arising under 42 U.S.C. §§ 1983 and 1985; 18 U.S.C. §§ 1341, 1343; the Hobbs Act, 18 U.S.C. § 1951; RICO, 18 U.S.C. §§ 1961-1968; the Tucker Act, 28 U.S.C. § 1491; the Sherman Antitrust Act, 15 U.S.C. §§ 1-7; and the 4th and 14th Amendments to the U.S. Constitution.[63] Plaintiffs further allege a conspiracy to commit real

---

[59] *Id.* at 630-31.

[60] 28 U.S.C. § 1331.

[61] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.").

[62] *Caterpillar*, 482 U.S. at 392.

[63] ECF No. 1 at 10, 29, 58-62, 30-31.

estate deed fraud, forgery, wrongful foreclosure, and breach of contract; obstruction of justice;[64]

defamation; slander;[65] unlawful prosecution; and predatory and fraudulent lending and

collecting practices.[66] The court addresses each purported jurisdictional basis in turn.

Plaintiffs' claims under the 4th and 14th Amendments to the U.S. Constitution and 42

U.S.C. § 1983 fail because Plaintiffs do not allege conduct undertaken by a state actor. "Only

government action, and not the conduct of private parties, implicates the Fourth and Fourteenth

Amendments."[67] Likewise, to state a claim for relief in an action brought under § 1983, a

plaintiff

> "must establish not only the deprivation of a right secured by the
> Constitution or laws of the United States, but also a deprivation
> committed under color of state law. 'Like the state-action
> requirement of the Fourteenth Amendment, the under-color-of-
> state-law element of § 1983 excludes from its reach merely private
> conduct, no matter how discriminatory or wrongful.'"[68]

---

[64] *Id.* at 1.

[65] *Id.* at 24.

[66] *Id.* at 27.

[67] *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1115-16 (10th Cir. 2008) ("'The Fourteenth Amendment establishes an essential dichotomy between governmental action, which is subject to scrutiny under the Fourteenth Amendment, and private conduct, which however discriminatory or wrongful, is not subject to the Fourteenth Amendment prohibitions.'" (quoting *Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009))).

[68] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (citation omitted) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

None of the 31 named defendants are state actors.[69] Thus, the court should find that it lacks subject-matter jurisdiction over Plaintiffs' claims arising under the 4th and 14th Amendments and § 1983.

Plaintiffs also fail to plead claims arising under 42 U.S.C. § 1985 sufficient to invoke this court's jurisdiction. Plaintiffs allege an unspecified group of Defendants engaged in a conspiracy to deprive Plaintiffs of their civil rights.[70] The court construes Plaintiffs' complaint to be asserting claims pursuant to § 1985(3) because Plaintiffs are not officers being prevented from performing their duties (i.e., the aim of § 1985(1)), and the provisions of § 1985(2) do not fit Plaintiffs' allegations.

Plaintiffs' allegations do not meet § 1985's requirement "'that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators'

---

[69] Plaintiffs have also named "Jane/John Doe Judge, 1-50; Jane/John Doe Clerk, 1-100; Jane/John Doe Attorney, 1-200; and Jane/John Doe Prosecutors, 1-50." ECF No. 1 at 1. "There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names." *Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). The court notes that it has been nearly 10 months since Plaintiffs filed their complaint, and to date Plaintiffs have failed to identify the Doe defendants named in the complaint. Dismissal of the Doe defendants is therefore warranted. *Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012) (unpublished) (finding judgment properly entered where district court dismissed Doe defendants after "discerning no excuse for [the plaintiff's] failure to identify the unnamed defendants after more than a year into the case."); *see also Schubert v. Hood*, No. 13-CV-225-JED-FHM, 2014 WL 546004, at *5 (N.D. Okla. Feb. 10, 2014) ("'The court will not permit use of the "Doe" designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry.'") (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 10.02[2][d] at 10-16 (3d ed. 2010)).

[70] ECF No. 1 at 31 ("Conspiracy to Violate Civil Rights (42 U.S.C. § 1985): The Defendants conspired to deprive Plaintiff of his constitutional rights, including his right to be free from unreasonable search and seizure and his right to due process.").

action.'"[71] Additionally, to state a claim under § 1985(3), Plaintiffs "must allege that Defendant[s] (1) conspired, (2) to deprive [Plaintiffs] of equal protection or equal privileges and immunities under the law, (3) acted in furtherance of this objective, and (4) injured [Plaintiffs] or deprived [them] of any right or privilege as a result."[72] Although Plaintiffs twice state that "[t]he bank denied me equal protection under the law,"[73] the lack of factual support and clarity about who, exactly, "the bank" is and what protections were denied to Plaintiffs make this too flimsy a hook upon which to hang this court's jurisdiction.

Next, Plaintiffs' allegations of fraud and racketeering under 18 U.S.C. §§ 1341 and 1343; the Hobbs Act, 18 U.S.C. § 1951; and RICO, 18 U.S.C. §§ 1961–1968, are also jurisdictionally baseless.[74] "To state a civil RICO claim, a plaintiff must *adequately plead* that (1) the defendant violated the RICO statute and (2) the plaintiff was injured 'by reason of' that violation."[75] "To sufficiently state a RICO claim based on mail and wire fraud, a plaintiff 'must *plausibly allege* [1] 'the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises,' and [2] that [the defendant] communicated, or caused communications to occur, through the U.S. mail or interstate wires to execute'" that scheme.[76]

---

[71] *Allen v. Briggs*, 331 F. App'x 603, 605 (10th Cir. 2009) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 104-05 (1971)).

[72] *Wolfson v. Bruno*, 265 F. App'x 697, 698 (10th Cir. 2008).

[73] ECF No. 1 at 16, 24.

[74] *Id*. at 61-62.

[75] *Gaddy,* 148 F.4th at 1210 (10th Cir. 2025) (emphasis added) (quoting 18 U.S.C. § 1964(c)).

[76] *Id*. at 1210-11 (emphasis added) (alteration in original) (quoting *George*, 833 F.3d at 1254).

Here, Plaintiffs have neither adequately pleaded nor plausibly alleged "indictable acts of mail and wire fraud" as required to state a civil RICO claim with mail and wire fraud as the predicate offenses.[77] Plaintiffs allege a "pattern of racketeering activity" in a series of conclusory statements that have virtually no factual support.[78] Here is a typical example: "For decades Enterprise Members have been implementing schemes to unlawfully seize what would be the equivalent of BILLIONS OF DOLLARS in assets from private individuals unlawfully. The defendants lacked legal authority or jurisdiction to seize these assets, violating multiple sTATE (sic) and federal laws as a pattern of doing business."[79] The complaint contains no specific information about the acts of mail or wire fraud that would be needed to support a RICO claim.[80] As Plaintiffs have not plausibly alleged a RICO claim based on mail and wire fraud,[81] the court should find that it has no jurisdiction to hear this claim.

The final two claims (i.e., the Tucker Act, 28 U.S.C. § 1491; and the Sherman Antitrust Act, 15 U.S.C. §§ 1-7)[82] also lack jurisdictional merit. The Tucker Act apportions jurisdiction

---

[77] *Id*. at 1210.

[78] ECF No. 1 at 61-62.

[79] *Id*. at 61.

[80] The complaint does not contain the barest allegation of what was mailed, how it was fraudulent, and which defendant mailed it. *See, e.g.*, *id*. at 30 ("Furthermore, the conspiracy was carried out using interstate communications—both electronic (Wire Fraud, 18 U.S.C. § 1343) and through the U.S. Mail (Mail Fraud, 18 U.S.C. § 1341)—as the conspirators used false documents and misrepresentations to further their fraudulent scheme. This network of deceit extended across state lines and involved the use of fraudulent documents that were mailed or electronically transmitted to various jurisdictions to further secure additional sham or false legal rulings.").

[81] *Gaddy*, 148 F.4th at 1210-11.

[82] ECF No. 1 at 58-61.

over claims against the United States.[83] Plaintiffs do not name the United States as a Defendant; therefore, Plaintiffs' Tucker Act claims are inapposite.

Plaintiffs allege violations of sections 1-7 of the Sherman Antitrust Act.[84] "Section 1 of the Sherman Act forbids contracts, combinations or conspiracies in restraint of trade. . . . Section 2 of the Sherman Act prohibits monopolies in interstate trade or commerce."[85] Plaintiffs who allege violations of the Sherman Act carry the burden to demonstrate that there has been an "antitrust injury" sufficient to sustain "antitrust standing."[86] "An antitrust injury is an 'injury of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.'"[87]

Plaintiffs' antitrust claims are in the form of a demand that the Defendants produce evidence "as to their involvement in the illegal conspiracy that resulted in the unlawful seizure of freehold land and real property regarding a foreign private venture that was established outside the jurisdiction of tHE UNITED sTATES (sic)."[88] Plaintiffs appear to allege that all of the

---

[83] *See* 28 U.S.C. § 1491; *see also Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1130 (10th Cir. 2011) ("Most suits for money damages against the United States proceed under the Tucker Act, 28 U.S.C. § 1491, which provides a limited waiver of the United States' sovereign immunity and grants 'jurisdiction [to] the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000.'") (alteration in original) (quoting *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009))).

[84] ECF No. 1 at 60-61.

[85] *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1027, 1024 (10th Cir. 1992).

[86] *Abraham v. Intermountain Health Care Inc.*, 461 F.3d 1249 at 1267 (10th Cir. 2006).

[87] *Id.* (quoting *B–S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653, 667 (10th Cir. 2006)).

[88] ECF No. 1 at 60.

Defendants "operate as though they own and command the entirety of the judiciary and banking industries" and that this is the monopoly from which Plaintiffs seeks relief.[89] If the court takes the "unlawful seizure of freehold land"[90] as Plaintiffs' allegation of an antitrust injury, this allegation without adjoining factual averments (e.g., what freehold land, how it was taken, plausible allegations that it was unlawful) is not enough to sustain antitrust standing. Plaintiffs additionally fail to explain how that injury is an 'injury of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.'"[91] Antitrust laws are not aimed at home foreclosures, but rather at conspiracies in restraint of trade and monopolies in interstate commerce.[92] As such, Plaintiffs have failed to plead a federal question pursuant to the Sherman Antitrust Act.

Plaintiffs' federal claims will not succeed or fail depending on whether a court gives federal law "one construction . . . [or] another."[93] They are foreclosed by precedent or the plain language of the statutes and are so implausible as to fail as a matter of law.[94] Accordingly, there is no federal question over which the court can exercise subject-matter jurisdiction. That status also likely prevents the court from exercising supplemental jurisdiction over any lingering state-

---

[89] *Id.* at 58.

[90] *Id.* at 60.

[91] *Abraham*, 461 F.3d at 1267 (quoting *B–S Steel*, 439 F.3d at 667).

[92] 15 U.S.C. §§ 1-2.

[93] *Bell*, 327 U.S. at 685.

[94] *Steel Co.*, 523 U.S. at 89 (quoting *Oneida*, 414 U.S. at 666).

law claims.[95] Therefore, the court should dismiss without prejudice Plaintiffs' claims for lack of subject-matter jurisdiction.[96]

### III.    Plaintiffs Fail to State a Claim on Which Relief Can Be Granted.

Plaintiffs' complaint fails to state a plausible claim of any sort against any Defendant. Plaintiffs' first problem under Rule 12(b)(6) and Rule 8 is "group pleading," but beyond that, Plaintiffs fail to provide sufficient factual allegations to state a claim for relief on any federal cause of action. Each issue is addressed in order below.

A.    <u>Plaintiffs' Complaint Fails to State a Claim for Relief Due to "Group Pleading."</u>

Plaintiffs fail to state a claim for relief against any Defendant because the complaint is rife with "group pleading." The Tenth Circuit has rejected the practice of "group pleading" where a complaint uses "defendants" as a collective term and fails to distinguish what acts are attributable to whom.[97] "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[98]

Here, Plaintiffs engage in group pleading throughout the complaint and thereby fail to state claims "intelligibly so as to inform the defendants of the legal claims being asserted."[99] Only a small portion of Plaintiffs' factual allegations—already a slim number—reference a

---

[95] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).

[96] The court declines to undertake an in-depth personal jurisdiction analysis for each named Defendant as the complaint fails on other grounds, and combing through the complaint to find the sparse factual averments against each would be an inefficient use of the court's time.

[97] *See, e.g.*, *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[98] *Nasious*, 492 F.3d at 1163.

[99] *Mann,* 477 F.3d at 1148; *see also Stevens-Henager Coll.*, 305 F. Supp. 3d at 1307.

specific Defendant.[100] Instead, Plaintiffs repeatedly refer to "the defendants" or the "Enterprise" as the parties responsible for Plaintiffs' injuries.[101] This group pleading fails to provide the required notice to Defendants apprising them of exactly what they are accused of doing and, consequently, makes it impossible for the dozens of Defendants to determine which claims are alleged against them individually.[102] The complaint's reliance on group pleading requires dismissal under Rule 12(b)(6).

     B.   <u>Plaintiffs' Federal Claims Lack Necessary Allegations and Should Be Dismissed Pursuant to Rule 12(b)(6).</u>

Although Plaintiffs' complaint glancingly mentions a significant number of federal laws, it is devoid of significant facts that make any of their listed claims plausible. Plaintiffs provide no factual allegations that would allow the court to find a plausible claim against any defendant

---

[100] For an example of an allegation that does identify a specific Defendant, *see, e.g.*, ECF No. 1 at 17 ("Selene Finance LLP, a foreign corporation, initiated a non-judicial foreclosure through 'Administrative NOTICE', fraudulently imputing loan # [omitted] as though it was a 'valid mortgage agreement' regarding Plaintiffs 'Real Property', (sic) subject to foreclosure, which constitutes a criminal scheme including but not limited to constructive fraud, wire fraud, trust fraud in addition to multiple varied unlawful actions against the plaintiff's property, without even an affidavit from an injured party.").

[101] For a much more typical example of the "group pleading" allegations Plaintiffs employ, *see, e.g.*, ECF No. 1 at 29 ("The Defendants, acting in concert one with another, impersonating lawful public officials and others, engaged in a coordinated series of fraudulent actions, including falsifying information to obtain forged documents, manipulating legal processes, and executing a pattern of deceit in order to achieve their unlawful goal of seizing Plaintiff's paid for (sic) property and unlawfully holding in financial bondage, a living man, NON U.S. Citizen from another society.")

[102] *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) ("It is not the sheer length of his filing, the number of paragraphs, or the number of claims, that triggers the Rule 8 violation. Rather, the culprit is [the plaintiff]'s failure to connect his 60 separate claims to the [c]omplaint's hundreds of factual allegations. Moreover, [the plaintiff]'s multiple collective allegations against the defendants and his corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency.").

under the 4th and 14th Amendments to the U.S. Constitution and 42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 1341, 1343; the Hobbs Act, 18 U.S.C. § 1951; RICO, 18 U.S.C. §§ 1961–1968; the Tucker Act, 28 U.S.C. § 1491; or the Sherman Antitrust Act, 15 U.S.C. §§ 1-7.[103]

Plaintiffs have failed to state a claim upon which relief can be granted pursuant to the U.S. Constitution and 42 U.S.C. § 1983 because Plaintiffs do not allege state action and do not name any governmental actors outside of the John/Jane Doe Defendants, whom Plaintiffs appear to mention only in the caption.[104] Plaintiffs fail to plead claims under 42 U.S.C. § 1985, as well, because they offer no plausible allegations of "class-based, invidiously discriminatory animus," nor do they demonstrate how they were denied equal protection of the laws.[105]

Likewise, Plaintiffs fail to plead RICO claims or claims under the Hobbs Act.[106] Plaintiffs offer no factual support for their assertions concerning a "pattern of racketeering activity" or the "schemes" that "Enterprise Members have been implementing [for decades]."[107] There is no evidence of the mail and wire fraud that would serve as predicate acts for the RICO claim. Beyond this, Plaintiffs' factual averments, such as they are, fail to meet the Rule 8 pleading requirements, much less the heightened standard required for fraud allegations under Rule 9(b).

---

[103] ECF No. 1 at 30-31, 10, 29, 58-62.

[104] *See supra* n.69.

[105] *See Allen,* 331 F. App'x at 605 (quoting *Griffin,* 403 U.S. at 104–05); *see also Wolfson,* 265 F. App'x at 698. But *see* ECF No. 1 at 16, 24 ("The bank denied me equal protection under the law.").

[106] ECF No. 1 at 61-62.

[107] *Id*.

Plaintiffs fail to state a claim under the Tucker Act for several reasons, including that they are not suing the United States.[108] Finally, as to the claims under the Sherman Antitrust Act, Plaintiffs fail to allege how their injury— a mortgage foreclosure—is "'of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.'"[109] Plaintiffs simply fail to provide sufficient, well-pleaded factual allegations that would allow the court to find that any Defendant plausibly violated any of the federal causes of action haphazardly listed in Plaintiffs' complaint. Therefore, the court should dismiss with prejudice Plaintiffs' federal causes of action for failure to state a claim on which relief can be granted.[110]

## IV.    The Court Should Deny Plaintiffs' Motion to Amend the Complaint Because Amendment Would Be Futile, Notwithstanding Plaintiffs' Status as Pro Se Litigants.

Before dismissing a pro se plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6), the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[111] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the

---

[108] *See* 28 U.S.C. § 1491. *See also Wyodak*, 637 F.3d at 1130.

[109] *Abraham*, 461 F.3d at 1267 (quoting *B–S Steel*, 439 F.3d at 667).

[110] Because Plaintiffs' federal claims fail, this court should also dismiss Plaintiffs' state causes of action. *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

[111] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

21

facts he has alleged and it would be futile to give him an opportunity to amend.'"[112] Fed. R. Civ. P. 15(a) governs amendments to a complaint. Rule 15(a)(1) establishes that a party may amend its complaint once as a matter of course. A party that fails to amend within Rule 15(a)(1)'s timeframe may amend its pleading only with the opposing party's written consent or by leave of the court.[113] In this latter instance, the "court should freely give leave [to amend] when justice so requires."[114]

When evaluating a motion for leave to amend, courts focus on prejudice to the nonmoving party and the following "*Bylin*" factors. "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[115] As to the last factor, if an amendment would be futile—i.e., if the "claims would still be subject to dismissal even if amended"[116]—then the court "'may dismiss without granting leave.'"[117] "Thus, in evaluating a proposed amendment for futility, the court must apply the same standard it would apply in evaluating a Rule 12(b)(6) motion to dismiss the proposed amended complaint."[118]

---

[112] *Kay v. Bemis*, 500 F.3d 1214 at 1217 (10th Cir. 2007) (quoting *Curley*, 246 F.3d at 1281).

[113] Fed. R. Civ. P. 15(a)(2).

[114] *Id*.

[115] *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)).

[116] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013).

[117] *Id*. (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).

[118] *Golden v. Mentor Capital, Inc.*, No. 2:15-CV-176-JNP-BCW, 2015 WL 13631247, at *1 (D. Utah Sept. 29, 2015) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

Plaintiffs' proposed amended complaint includes three factual allegations and three claims for relief.[119] The factual allegations are that Plaintiffs obtained a residential mortgage loan secured by real property, that Defendants "participated in servicing, assignment, enforcement, or foreclosure conduct related to the loan," and that Plaintiffs dispute Defendants' "notices, and compliance with applicable law prior to foreclosure."[120] The three claims for relief allege, first, "servicing misconduct" and unspecified "statutory violations"; second, "wrongful foreclosure actions"; and third, "improper or unsupported assignment activity." [121]

Plaintiffs do not address the *Bylin* factors in their motion for leave to amend. The court notes that the motion was filed more than nine months after the original complaint was filed and after three motions to dismiss were fully briefed, which implicates several of the factors. The bulk of the court's analysis, however, concerns futility.

The court notes with appreciation that the proposed amended complaint comes closer to the "short and plain" statements required by Rule 8. However, the proposed amended complaint fails to establish the court's subject matter jurisdiction or a claim upon which relief can be granted. First, there is nothing to suggest that this court would have jurisdiction to hear any of the three claims within the proposed amended complaint. Although there is a statement that the court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367—federal question and supplemental jurisdiction, respectively—there is no assertion of what federal statutes or causes

---

[119] ECF No. 41.

[120] ECF No. 41-1 at ¶¶8-10.

[121] *Id.* at ¶¶11-13 ("11. Defendants Selene Finance LP and NewRez LLC are liable for servicing misconduct and statutory violations. 12. Defendant Wilmington Savings Fund Society, FSB is liable for wrongful foreclosure actions taken as trustee. 13. Defendant MERS is liable for improper or unsupported assignment activity.").

of action Plaintiffs are invoking. Accordingly, the proposed amendment fails to carry its burden to establish subject matter jurisdiction.

Second, the proposed amended complaint is as devoid of factual averments as the original complaint. In other words, Plaintiffs' proposed amended complaint fails to provide sufficient factual allegations to state any plausible legal claim against any defendant. By illustration, Plaintiffs' proposed amendment neither provides factual allegations describing the alleged "servicing misconduct" nor cites to statutes under which the alleged "statutory violations" occurred. The same ambiguities arise in the second and third claims, which do not contain factual support that would give a Defendant notice about exactly what "wrongful foreclosure action[]" it had taken nor what "improper or unsupported assignment activity" it purportedly conducted.

Instead, Plaintiffs' amended complaint continues their theme of invoking what may best be described as "sovereign citizen" theories.[122] Chief among these is that Plaintiffs' capitalized names denote trusts, and that these trusts are not susceptible to the laws of the United States.[123] Unlike the unexplained irony of why Plaintiffs are exempt from federal jurisdiction while

---

[122] For a United States Court of Appeals for the Tenth Circuit review of similar "sovereign citizen" arguments challenging that court's jurisdiction in a criminal context, *see United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) ("As for Palmer's sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous. *See* 18 U.S.C. § 3231 ('The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.'); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ('Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.'); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting similar arguments in the tax-protester context).").

[123] ECF No. 1 at 6.

seeking to avail themselves of it, what requires no further explanation is the futility of their arguments.[124] Accordingly, this court should deny Plaintiffs' motion to amend their complaint.

**V.    The Court Should Dismiss the Claims Against the Remaining Defendants Because Plaintiffs Failed to Prosecute Those Claims.**

In addition to the above-mentioned reasons for dismissal, this action should also be dismissed for Defendants' failure to prosecute their claims. After Plaintiffs' deadline to serve Defendants with a summons and a copy of the complaint expired,[125] and having received no indication that Plaintiffs were continuing forward with the case, the court ordered Plaintiffs to show cause why the case should not be dismissed for lack of prosecution.[126] Plaintiffs were told that they had "not provided the court with the requisite proof of service under Fed. R. Civ. P. 4(*l*) to demonstrate that a summons and the complaint have been served on any of the Defendants in a timely manner" and were warned that failure to inform the court of the status of the case "may result in dismissal of this case."[127] Plaintiffs subsequently filed a document entitled "Notice of Default and Estoppel" that repeated many of the allegations of the complaint.[128] The filing included a certificate of service indicating that it had been mailed to several of the named

---

[124] *Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (holding argument that a federal form "is invalid because it reflects his social security number and shows his name in all capital letters is wholly frivolous").

[125] Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be completed within 90 days after the complaint is filed.

[126] ECF No. 9.

[127] *Id*.

[128] ECF No. 11.

Defendants,[129] but included no information about compliance with Rule 4(*l*). To date, Plaintiffs have not requested a summons from the court for any of the named Defendants.

Because a plaintiff is required to serve a summons and copy of the complaint on each defendant named in a lawsuit,[130] Plaintiffs' failure to do so—especially after being told both of this requirement and the consequences for not meeting it—should result in the court dismissing the claims without prejudice for failure to prosecute under Rule 41(b) and the court's inherent authority.[131]

## VI. The Court Should Deny Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction for a Failure to Show a Likelihood of Success on the Merits.

Lastly, the court turns to Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction.[132] Plaintiffs allege that they are subject to a "state eviction proceeding" and seek to enjoin Defendants from proceeding with the eviction or any enforcement actions related to the property securing the promissory note at issue in this action.[133]

---

[129] *Id.* at 14-15.

[130] Fed. R. Civ. P. 4(c). *See also Compania de Inversiones Mercantiles*, 970 F.3d at 1292.

[131] The court acknowledges that Plaintiffs are proceeding pro se, but that does not excuse their obligation to follow all rules that apply to other litigants, including the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

[132] ECF No. 23.

[133] *Id.*

The same elements apply to the issuance of either a temporary restraining order or a preliminary injunction.[134] To be entitled to either form of relief, the movant must establish the following four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm if the injunction is denied; (3) that the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."[135] Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[136]

Plaintiffs' motion for preliminary injunction should be denied because they fail to establish that there is a substantial likelihood of success on the merits of their claims. Far from showing a substantial likelihood of success, Plaintiffs have in fact failed to establish subject-matter jurisdiction or state viable claims on which relief can be granted, leading this court to recommend that Plaintiffs' claims be dismissed. Plaintiffs, therefore, fail to meet the first element for injunctive relief.[137] Accordingly, the court should deny Plaintiffs' motion for temporary restraining order and preliminary injunction.

---

[134] *Thomas v. Carson*, 30 F. App'x 770, 772 (10th Cir. 2002); *Stuber v. Lucky's Auto Credit, LLC*, 478 F. Supp. 3d 1205, 1208 (D. Utah 2020).

[135] *Stuber*, 478 F. Supp. 3d at 1208 (citation modified).

[136] *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (citation modified).

[137] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008) (recognizing that the failure to establish one of the four preliminary injunction elements obviates the need to address the other elements); *Highlands Ranch Neighborhood Coal. v. Cater*, No. 16-CV-01089-RM, 2016 WL 8737775, at *6 (D. Colo. Dec. 7, 2016) (denying the plaintiff's motion for a preliminary injunction for failure to establish one of the four required elements and concluding that the court need not decide whether the plaintiff met its burden on the other three elements); *Johnson v. Miller*, No. CIV-09-263-C, 2009 WL 2591681, at *2 (W.D. Okla. Aug. 20, 2009) (denying the

R<span style="font-variant:small-caps">ECOMMENDATION</span>

For the reasons stated above, the court RECOMMENDS:

(1) Plaintiffs' federal claims be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

(2) Plaintiffs' claims sounding in state law be DISMISSED WITHOUT PREJUDICE because the court should decline to exercise supplemental jurisdiction over those claims.

(3) Plaintiffs' claims against the Remaining Defendants be DISMISSED WITHOUT PREJUDICE for failure to prosecute under Rule 41(b) and the court's inherent authority.

(4) Defendants' motions to dismiss[138] be FOUND AS MOOT.

(5) Plaintiffs' motion to amend the complaint[139] be DENIED based on futility of amendment.

(6) Plaintiffs' motion for temporary restraining order and preliminary injunction[140] be FOUND AS MOOT.

If the court finds that it has subject-matter jurisdiction, the court RECOMMENDS:

(1) Defendants' motions to dismiss[141] be GRANTED.

(2) Plaintiffs' federal claims against Defendants who filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim be DISMISSED WITH PREJUDICE.

---

plaintiff's motion for a preliminary injunction for failure to show a substantial likelihood of success on the merits of his claims and not addressing the remaining three elements).

[138] ECF Nos. 3, 7, 20, and 34.

[139] ECF No. 41.

[140] ECF No. 23.

[141] ECF Nos. 3, 7, 20, 34.

(3) Plaintiffs' claims sounding in state law be DISMISSED WITHOUT PREJUDICE because the court should decline to exercise supplemental jurisdiction over those claims.

(4) Plaintiffs' claims against the Remaining Defendants be DISMISSED WITHOUT PREJUDICE for failure to prosecute under Rule 41(b) and the court's inherent authority.

(5) Plaintiffs' motion to amend the complaint[142] be DENIED based on futility of amendment.

(6) Plaintiffs' motion for temporary restraining order and preliminary injunction[143] be DENIED for failure to establish a likelihood of success on the merits of their claims.

NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[144] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[145] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of February 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[142] ECF No. 41.

[143] ECF No. 23.

[144] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[145] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).