# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **JAMES P. STORY, et al.,** | **ORDER** |
| Plaintiffs, | |
| v. | Case No. 2:25-cv-00329-DBB-JCB |
| **ANGELA PAVAO, et al.,** | District Judge David Barlow |
| Defendants. | Magistrate Judge Jared C. Bennett |

### INTRODUCTION[1]

Pro se Plaintiffs James P. Story and Sharlynn Story (collectively, "Plaintiffs") filed an action naming three dozen defendants whom Plaintiffs allege participated in a conspiracy to unlawfully foreclose upon Plaintiffs' $792,000 mortgage.[2] In service of these claims, Plaintiffs filed three motions that are now before the court: a motion for leave to file an out-of-time opposition to Defendants' motion to dismiss,[3] a motion to defer ruling on Defendants' motions to dismiss and to permit limited discovery,[4] and a motion to consolidate the motions to dismiss and to establish a briefing schedule.[5] For the reasons stated below, the court denies each motion. The court explains its reasoning for the three motions in turn.

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 13.

[2] ECF No. 1.

[3] ECF No. 25.

[4] ECF No. 32.

[5] ECF No. 36.

## ANALYSIS

I. **The Court Denies Plaintiffs' Motion for Leave to File an Out-Of-Time Opposition Because Plaintiffs Fail to Demonstrate Excusable Neglect and the Proposed Opposition Would Not Have Changed the Court's Reasoning in Recommending Dismissal of Plaintiffs' Complaint.**

It is unclear which motion to dismiss Plaintiffs are seeking to oppose, as three motions to dismiss with expired response deadlines were pending when Plaintiffs filed their motion.[6] However, the court's reasoning applies equally to each. Plaintiffs argue that good cause exists to grant the motion for leave to file an out-of-time opposition because they have been actively litigating the matter and their delay in responding was not due to bad faith.[7] They further argue that Defendants would suffer no prejudice if the court were to allow Plaintiffs to file an opposition.[8] In the proposed opposition attached to the motion, Plaintiffs argue, *inter alia*, that Defendants have failed to demonstrate standing to enforce the debt, that Defendants have not established proof that they possess the original promissory note, and that no consideration has been shown for the assignment of the promissory note.[9]

Fed. R. Civ. P. 6(b) provides that a court may extend a filing deadline upon a showing of good cause if a motion to extend the deadline is made before the original time expires.[10] However, if the motion is made after the time has expired, the party seeking an extension must

---

[6] The three motions to dismiss pending at time of filing were docketed at ECF Nos. 3, 7, and 20. In the proposed opposition, ECF No. 25-1, Plaintiffs name "Selene Finance LP and Selene Holdings, et al.," which suggests that Plaintiffs are requesting leave to oppose the Selene Defendants' motion to dismiss, docketed at ECF No. 20.

[7] ECF No. 25 at 1.

[8] *Id.*

[9] ECF No. 25-1.

[10] Fed. R. Civ. P. 6(b)(1)(A).

both show good cause and demonstrate that they "failed to act because of excusable neglect."[11] The local rules of civil practice provide that a response to a motion filed pursuant to Fed. R. Civ. P. 12(b), such as Defendants' motions to dismiss, must be filed within 28 days after service of the motion.[12]

Plaintiffs' failure to argue excusable neglect is a sufficient ground upon which to deny the motion.[13] But even if Plaintiffs had argued excusable neglect, the proposed opposition would not change the court's reasoning as it relates to the original motions to dismiss. Plaintiffs' complaint fails to adequately allege this court's subject-matter jurisdiction and fails to state claims upon which relief can be granted, among other issues.[14] Plaintiffs do not address these fatal shortcomings in their proposed opposition. For these reasons, the court denies Plaintiffs' motion to file an out-of-time opposition to Defendants' motion to dismiss.[15]

II. **The Court Denies Plaintiffs' Motion to Defer Ruling on Defendants' Motions to Dismiss and for Limited Discovery Pursuant to Fed. R. Civ. P. 56(d) Because Discovery Isn't Necessary and Rule 56(d) Is Inapposite.**

Plaintiffs argue that limited discovery is necessary before the court decides Defendants' motions to dismiss because Plaintiffs lack "information essential to opposing dismissal on the

---

[11] Fed. R. Civ. P. 6(b)(1)(B).

[12] DUCivR 7-1(a)(4)(A). Plaintiffs' deadline to respond to ECF No. 3 was July 8, 2025; their deadline to respond to ECF No. 7 was July 21, 2025; and their deadline to respond to ECF No. 20 was December 16, 2025. Plaintiffs filed the motion for leave to file an out-of-time opposition on January 6, 2026. A subsequent motion to dismiss has since been filed, to which Plaintiffs have yet to respond. ECF No. 34. The deadline for Plaintiffs to respond to that motion is February 20, 2026.

[13] Fed. R. Civ. P. 6(b)(1)(B).

[14] *See generally* ECF No. 42.

[15] ECF No. 25.

merits."[16] Plaintiffs seek discovery related to, among other things, "[t]he identify of the real party in interest with respect to the alleged loan," the transfers of the promissory note, and whether Defendants "possess the original wet-ink note."[17]

    Discovery related to the information Plaintiffs seek is not necessary. The court has recommended dismissal of Plaintiffs' claims for unrelated reasons.[18] Plaintiffs' failure to allege this court's subject-matter jurisdiction and to state claims would not change with the requested discovery. Additionally, Plaintiffs invoke a Federal Rule of Civil Procedure that governs motions for summary judgment, not motions to dismiss.[19] Fed. R. Civ. P. 56(d) allows a court to grant discovery to obtain additional facts and defer considering a motion for summary judgment when facts are unavailable to the party seeking to oppose a motion for summary judgment.[20] No motions for summary judgment are pending in this action. Because discovery is unnecessary and there are no pending motions for summary judgment, the court denies Plaintiffs' motion to defer judgment on Defendants' motions to dismiss and grant discovery pursuant to Rule 56(d).[21]

---

[16] ECF No. 32-1 at 1.

[17] ECF No. 32-1.

[18] ECF No. 42.

[19] Fed. R. Civ. P. 56(d).

[20] Fed. R. Civ. P. 56(d)(1)-(2).

[21] ECF No. 32.

**III.     The Court Denies Plaintiffs' Motion to Consolidate Defendants' Motions to Dismiss and to Establish a Briefing Schedule Because Plaintiffs' Opposition Is Not Allowed, Plaintiffs Cite No Authority for Consolidating the Motions to Dismiss, and There Is No Need to Consolidate the Motions.**

Plaintiffs move the court pursuant to Fed. R. Civ. P. 1 and 42(a) and DUCivR 7-1 to consolidate all pending motions to dismiss and to establish a single coordinated briefing schedule.[22] Plaintiffs argue that courts have inherent authority to control their dockets to ensure the just, speedy, and inexpensive resolution of cases.[23]

Plaintiffs' motion fails for several reasons. First, the court has denied Plaintiffs' motion to submit an out-of-time opposition, and Plaintiffs are too late to oppose three of the four pending motions to dismiss. Second, Plaintiffs do not cite any authority for "consolidating" the motions to dismiss, though in other circumstances it may be possible, upon motion, for a party to file an omnibus response to several motions forwarding similar arguments. Lastly, notwithstanding the court's inherent powers, there is no need to consolidate the motions to dismiss or establish a single briefing schedule. The court has recommended dismissing Plaintiffs' claims for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim.[24] No additional briefing is required. Accordingly, the court denies Plaintiffs' motion to consolidate the motions to dismiss and to establish a briefing schedule.[25]

## ORDER

For the reasons stated above, the court orders as follows:

---

[22] ECF No. 36 at 1.

[23] *Id.*

[24] ECF No. 42.

[25] ECF No. 36.

(1) The court DENIES Plaintiffs' motion to file an out-of-time opposition to Defendants' motion to dismiss.[26]

(2) The court DENIES Plaintiffs' motion to defer judgment on Defendants' motions to dismiss and grant discovery pursuant to Rule 56(d).[27]

(3) The court DENIES Plaintiffs' motion to consolidate the motions to dismiss and to establish a briefing schedule.[28]

IT IS SO ORDERED.

DATED this 11th day of February 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[26] ECF No. 25.

[27] ECF No. 32.

[28] ECF No. 36.

(1) The court DENIES Plaintiffs' motion to file an out-of-time opposition to Defendants' motion to dismiss.[26]

(2) The court DENIES Plaintiffs' motion to defer judgment on Defendants' motions to dismiss and grant discovery pursuant to Rule 56(d).[27]

(3) The court DENIES Plaintiffs' motion to consolidate the motions to dismiss and to establish a briefing schedule.[28]

IT IS SO ORDERED.

DATED this 11th day of February 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[26] ECF No. 25.

[27] ECF No. 32.

[28] ECF No. 36.