UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JAMES P. STORY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANGELA PAVAO, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING IN PART [42] REPORT AND RECOMMENDATION** <br><br> Case No. 2:25-cv-00329-DBB-JCB <br><br> District Judge David Barlow |

Before the court is United States Magistrate Judge Jared C. Bennett's Report and Recommendation to dismiss Plaintiffs James P. Story and Sharlynn Story's (collectively, "Plaintiffs") action.[1] Plaintiffs filed a timely objection.[2] For the reasons below, the court overrules Plaintiffs' objection, adopts in part the Report and Recommendation, and dismisses their complaint without prejudice.

## BACKGROUND

On April 28, 2025, Plaintiffs filed a complaint against more than thirty individuals and entities who purportedly bear some relation to Plaintiffs' foreclosed $792,000 mortgage.[3] Numerous defendants filed motions to dismiss based on Plaintiffs' failure to state a claim and on

---

[1] R. & R. 1–3, ECF No. 42, filed Feb. 11, 2026.
[2] Pls.' Obj. to Mag. J. R. & R. ("Obj. to R. & R."), ECF No. 44, filed Feb. 19, 2026; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.
[3] Compl., ECF No. 1, filed Apr. 28, 2025.

Plaintiffs' "sovereign citizen" claims that fail as a matter of law.[4] All but one of the motions also list Plaintiffs' failure to effectuate service as a basis for dismissal.[5]

After the deadline for service of a summons and the complaint on all named defendants expired, the court ordered Plaintiffs to show cause as to why the case should not be dismissed given their failure to prosecute their claims.[6] The court instructed Plaintiffs that they had "not provided the court with the requisite proof of service under Fed. R. Civ. P. 4(l) to demonstrate that a summons and the complaint have been served on any of the Defendants in a timely manner" and were warned that failure to inform the court of the status of the case "may result in dismissal of this case."[7] Plaintiffs did not comply.[8]

The magistrate judge issued a report and recommendation in which he recommended dismissal of Plaintiffs' claims without prejudice for lack of subject matter jurisdiction and for failure to prosecute.[9] Alternatively, the magistrate judge recommended that should the court find that it has subject-matter jurisdiction, the motions to dismiss should be granted and Plaintiffs' federal claims against defendants who filed the motions to dismiss should be dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6), and Plaintiffs' remaining claims should be dismissed without prejudice.[10] The magistrate judge also recommended Plaintiffs' motion to amend the complaint be denied based on futility of amendment, and Plaintiffs' motion

---

[4] There are four pending motions to dismiss: ECF No. 3, filed June 10, 2025; ECF No. 7, filed June 23, 2025; ECF No. 20, filed Nov. 18, 2025; and ECF No. 34, filed Jan. 23, 2026.
[5] *Compare* ECF Nos. 3, 7, 34 *with* ECF No. 20.
[6] ECF No. 9, filed Aug. 28, 2025.
[7] ECF No. 9.
[8] *See* Docket.
[9] R & R 1–3.
[10] *Id.* 2.

for temporary restraining order and preliminary injunction be denied for failure to establish a likelihood of success.[11]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a "timely and specific" objection.[12] To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[13] "General objections are "insufficient" to preserve the issue for appellate review.[14] This court "reviews unobjected-to portions of a report and recommendation for clear error."[15]

## ANALYSIS

Plaintiffs filed a timely and fairly specific objection.[16] Consequently, the court has conducted a de novo review of the complaint and the Magistrate Judge's Report and Recommendation. Having reviewed the totality of the complaint, it has appears the court has subject matter jurisdiction. Accordingly, the court adopts the magistrate judge's alternative recommendation to dismiss the claims under Rule 4 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[11] *Id.* 2–3.
[12] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).
[13] *See 2121 E. 30th St.*, 73 F.3d at 1060.
[14] *See Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025).
[15] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. Comm. Note to 1983 amend. ("[T]he court need only satisfy that there is no clear error on the face of the record in order to accept the recommendation.").
[16] *See* Obj. to R. & R 1–2 (Plaintiffs' objections are no more than a few sentences per issue, but at least some of them include mentions of legal authority and all are specific to which recommendations they challenge.)

First, all defendants who were not served within 90 days from the filing of the complaint are dismissed from the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[17] The rule states in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[18] As noted earlier, the magistrate judge instructed Plaintiffs they had not followed Rule 4's requirement and ordered them to comply or risk dismissal of the case.[19] Plaintiffs did not comply. Instead, they filed a document indicating that a certificate of service had been mailed to some of the named defendants, but they failed to demonstrate that Rule 4's requirements—explained in the court's order—had been met.[20] Therefore, the defendants who were not properly served within 90 days are hereby dismissed.[21]

Next, Plaintiffs' federal claims fail under Rule 12(b)(6) because Plaintiffs have not provided sufficient factual allegations to state a claim for relief on any federal cause of action.[22] Plaintiffs' complaint lacks factual allegations that would support a plausible claim under the Fourth and Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985, RICO, the Tucker Act, the Hobbs Act, or the Sherman Antitrust Act.[23] Furthermore, Plaintiffs' constitutional claims fail

---

[17] *See, e.g.*, *Schaffrath ex rel. R.J.J. v. Thomas*, 993 F. Supp. 842, 845 (D. Utah Jan. 28, 1998).
[18] Fed. R. Civ. P. 4(m).
[19] ECF No. 9.
[20] ECF No. 11 at 14–15.
[21] *See Thompson v. Galetka*, 42 Fed. App'x 397, 399 (10th Cir. 2002) ("A party does not waive a defense of insufficiency of service of process merely by appearing and contesting service."); *Coulter v. Butler*, CIV-24-835, 2025 WL 923504, at *2 (W.D. Okla. Mar. 26, 2025 (dismissing claims against the defendants for failure to properly serve, even though the defendants had filed motions to dismiss).
[22] Fed. R. Civ. P. 12(b)(6); *Woodham v. Hireright, LLC*, No. 25-4119, 2026 WL 412582, at *2 (10th Cir. 2026) ("Under Rule 12(b)(6), the district court may dismiss a complaint where its allegations are insufficient to state a claim upon which relief may be granted.").
[23] Compl. at 10, 29, 30–31, 58–62.

because they are alleged against private actors—none of the 31 named defendants are state actors.[24] "Only government action, and not the conduct of private parties, implicates the Fourth and Fourteenth Amendments[.]"[25] So too with section 1983 claims.[26] Plaintiffs' section 1985 claims likewise fail because there is no factual support for the statutory requirement of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[27] Next, Plaintiffs' fraud and racketeering claims are not supported by evidence of the mail and wire fraud necessary to serve as predicate acts for a RICO claim.[28] Finally, Plaintiffs' Tucker Act claim fails because it is applicable only to claims against the United States, which is not a named defendant here, and their Sherman Act claim against "the entirety of the judiciary and banking industries" fails because it lacks factual support to make the claim plausible.[29] Accordingly, the court dismisses the claims under Rule 12(b)(6) because Plaintiffs have failed to adequately plead the allegations underlying the claims.[30]

Second, Plaintiffs' motion to amend its complaint is denied because the proposed amendment would be futile. Although a court must determine whether to allow a pro se plaintiff leave to amend the complaint before dismissing it pursuant to Rule 12(b)(6), a court may deny

---

[24] Plaintiffs also named "Jane/John Doe Judge, 1-50; Jane/John Doe Clerk, 1-100; Jane/John Doe Attorney, 1-200; and Jane/John Doe Prosecutors, 1-50." Compl. at 1. "There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names[.]" *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982). Because nearly ten months have elapsed since Plaintiffs filed their complaint, and to date Plaintiffs have failed to identify the Doe defendants, dismissal of the Doe defendants is appropriate. *See Culp v. Williams*, 456 Fed. App'x 718, 720 (10th Cir. 2012) (concluding district court properly dismissed Doe defendants after "discerning no excuse for [the plaintiff's] failure to identify the unnamed defendants after more than a year into the case").
[25] *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1115–16 (10th Cir. 2008).
[26] *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014).
[27] *Allen v. Briggs*, 331 Fed. App'x 603, 605 (10th Cir. 2009) (citation omitted).
[28] *Gaddy v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202, 1210 (10th Cir. 2025) ("To state a civil RICO claim, a plaintiff must adequately plead" the elements of the claim, and to "sufficiently state a RICO claim based on mail and wire fraud, a plaintiff must plausibly allege" the elements).
[29] Compl. at 58.
[30] "Without federal jurisdiction, the district court ha[s] no basis to exercise supplemental jurisdiction over the state claim[s]." *Wisdom Ministries, Inc. v. Garrett*, No. 23-5098, 2024 WL 3770934, at *3 (10th Cir. 2024).

amendment "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[31] Under these factors, denial of the motion is required: Plaintiffs have yet to properly identify, let alone, serve each defendant in this case despite the court's warning that failure to do so may result in dismissal; by the time Plaintiffs filed a motion to amend the complaint, more than nine months had passed and three motions to dismiss were fully briefed; and, most importantly, the proposed amended complaint fails to provide sufficient factual allegations to state a plausible legal claim against any defendant.[32] Granted, the proposed amendment is a move in the correct direction for a pleading, but it is not sufficient to overcome dismissal. Therefore, the court denies the motion for leave to amend because the "claims would still be subject to dismissal even if amended, rendering leave to amend futile."[33]

However, because this order constitutes the first dismissal of a complaint for Plaintiff, and given the abandonment of the nonsensical "sovereign citizen" allegations in the proposed amended complaint, the court grants Plaintiffs one final opportunity to attempt to state a claim by amending their complaint.

Lastly, Plaintiffs' motion for a temporary restraining order and preliminary injunction are denied. First, Plaintiffs' complaint has been dismissed. Therefore, there is no operative pleading on which a motion for injunctive relief could be based. The same elements apply to warrant relief under a temporary restraining order or a preliminary injunction.[34] "To obtain a preliminary

---

[31] *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)).
[32] *See* Docket; ECF No. 41, filed Feb. 5, 2026.
[33] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1151 (10th Cir. 2013).
[34] *See Thomas v. Carson*, 30 Fed. App'x 770, 772 (10th Cir. 2002).

injunction, the movant must show (1) he 'is substantially likely to succeed on the merits,' (2) he 'will suffer irreparable injury if the injunction is denied,' (3) his 'threatened injury outweighs the injury the opposing party will suffer under the injunction,' and (4) 'the injunction would not be adverse to the public interest.'"[35] Plaintiffs' motion does not meet the first element for injunctive relief because, as noted earlier, it fails to establish claims on which relief can be granted. Therefore, the court denies Plaintiffs' motion for injunctive relief.[36]

## ORDER

For the foregoing reasons, the court

- OVERRULES Plaintiffs' Objection to Magistrate Judge's Report and Recommendation;[37]

- ADOPTS IN PART Magistrate Judge's Report and Recommendation;[38]

- DENIES AS MOOT Plaintiffs' Motion for a Temporary Restraining Order;[39]

- GRANTS Defendants' Motions to Dismiss;[40]

- DENIES Plaintiffs' Motion for Leave to Amend the Complaint;[41] and

- DISMISSES Plaintiffs' Complaint without prejudice.[42]

Plaintiffs have 30 days to file an amended complaint that meets the required plausibility standards. Failure to meet this deadline will result in dismissal of the case without further notice.

---

[35] *Gladstone v. Owens*, No. 25-1345, 2025 WL 3441796, at *3 (10th Cir. 2025) (quoting *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)).
[36] *See id.* at *4 ("Because [the movant] failed to satisfy the first prerequisite for injunctive relief, the district court did not need to reach the question of whether [the movant] would suffer injury unless the injunction issues.").
[37] ECF No. 44.
[38] ECF No. 42.
[39] ECF No. 23.
[40] ECF Nos. 3, 7, 20, 34.
[41] ECF No. 41.
[42] ECF No. 1.

Signed March 6, 2026.

                          BY THE COURT

                          _____
                          David Barlow
                          United States District Judge